IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARITIE HENNIG,

    Petitioner,                    No. 2:05-cv–01931 ALA (HC)

    vs.

DEBORAH L. PATRICK,

    Respondent.*                ORDER

_____/

    On August 29, 2008, this Court denied Petitioner Charitie Hennig's application for writ of habeas corpus. (Doc. 46).  Petitioner filed a timely Notice of Appeal. (Doc. 48).  Before Petitioner can appeal this Order, a Certificate of Appealability must issue.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

    A Certificate of Appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court must either issue a Certificate of Appealability or must state the reasons why a certificate should not issue.  Fed. R. App. P. 22(b)(1).

/////

---

*Deborah L. Patrick is substituted for her predecessor, Gwendolyn Mitchell, as the warden where the prisoner is incarcerated, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

## I

Petitioner was found guilty in the Solano County Superior Court by a jury of voluntary manslaughter[1] in violation of California Penal Code Section 192, and assault on a child causing death, in violation of California Penal Code Section 273ab. On January 14, 2002, she was sentenced to serve 25 years to life imprisonment.

Petitioner filed an application for a writ of habeas corpus on September 23, 2005 in this Court pursuant to 28 U.S.C. § 2254(a). (Doc.1).  On February 1, 2006, Petitioner's attorney filed a seven-page "amended petition for a writ of habeas corpus." (Doc. 14).  In the amended application, Petitioner asserted the following claims: (1) Petitioner's trial counsel ineffectively represented her at her trial; (2) Petitioner's right to due process under the Fourteenth Amendment was violated because the Prosecutor failed to prove each element of the crime of assault upon a child that resulted in death; (3) Petitioner's right to due process under the Fourteenth Amendment was violated by the trial court because it failed to instruct the jury on the offense of involuntary manslaughter, a lessor included offense to the crime of murder; (4) Petitioner's due process rights were violated by the prosecutor conduct while addressing the jury; and (5) Petitioner's Eighth Amendment rights were violated by the trial judge who imposed a 25 years to life sentence.

## II

Section  2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[1] Petitioner was charged in Count One with the crime of murder in violation of California Penal Code Section 187. She was found not guilty of murder, but guilty of voluntary manslaughter, a lessor included offense.

determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

### III

Petitioner contended that her Sixth Amendment right to effective legal representation was violated by her trial counsel. Am. Pet. 6.[2]

**1**

Petitioner first asserted that her counsel failed to exercise peremptory challenges to strike a juror who was a 911 emergency operator and another who was a foster parent for abused children. Petitioner argued that trial counsel failed to use peremptory challenges to strike these jurors "from the jury pool." In the Answer, Respondent noted, "[t]here is no showing that either of these jurors actually sat on the jury nor is there any record regarding their responses to questions by counsel and by the court." Resp't Mem. of P. & A. 17. Petitioner's four-page traverse did not respond to Respondent's challenge regarding the absence of any factual support for this contention. Petitioner failed to overcome the strong presumption that counsel exercised sound strategy and tactics in his or her's representation of the accused at trial. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Petitioner also failed to demonstrate that the state court applied the *Strickland* principles in an objectively unreasonable manner in rejecting this contention.

**2**

Petitioner also asserted that she was ineffectively represented because her trial counsel

---

[2]All reference herein to Petitioner's amended petition will be cited as Am. Pet ____ (page number).

3

1  "failed to provide his own expert witness with the lab reports that would show the autopsy record
2  relating to the victim's cause of death was incomplete." Am. Pet. 6. Again, Petitioner failed to
3  demonstrate that the autopsy performed on the victim was incomplete or incompetently
4  performed. The record shows that Petitioner's trial counsel presented the testimony of a
5  specialist in pathology. The pathologist testified that she reviewed the autopsy report, the X-
6  rays, and photographs of the victim, as well as, the autopsy surgeon's testimony at the
7  preliminary hearing. The defense pathologist testified that she agreed with the autopsy surgeon
8  that the victim suffered a skull fracture that was caused by either accelerated force of its body
9  against a hard surface, or an object hitting its head with the same amount of force.

10  Petitioner failed to show that another expert witness would have been able to testify that
11  the autopsy was incompetently performed or that the pathologist's report was incomplete.
12  Accordingly, this Court concluded that the state court's rejection of Petitioner's Sixth
13  Amendment claim was objectively unreasonable under *Strickland*.

14  **3**

15  Petitioner further maintained that her trial counsel was ineffective because she failed "to
16  introduce at trial a defense mental health expert who could have testified about petitioner's
17  mental state at the time the crime was committed." Am. Pet. 6. Petitioner did not submit a
18  declaration or affidavit from an expert to support her theory of defense that the victim was
19  fatally injured because she accidentally fell on the victim. Accordingly, Petitioner also failed to
20  demonstrate that her trial counsel was ineffective in failing to present a mental health expert
21  under the Supreme Court's *Strickland* decision.

22  **IV**

23  Petitioner argued that the prosecutor failed "to prove every element required for the
24  assault conviction." Am. Pet. 5. This assertion is not supported by any citation to the record that
25  demonstrates that the prosecutor "shifted the burden of proof to the defense." Am. Pet. 5.
26  Petitioner also alleged that the prosecutor "improperly comment[ed] on [the] right to

4

remain silent." *Id.* Petitioner also asserted that in the prosecutor's argument to the jury, she stated "that the defense has not even come up with a decent defense." This Court has read the opening and closing arguments of the prosecutor. The passage set forth in quotation marks by Petitioner's counsel does not appear in the reporter's transcript.

Petitioner further asserted that "[t]he prosecutor also engaged in misconduct when she made reference to petitioner's silence as 'showing guilt' despite Petitioner's right to remain silent." *Id*. This is also a flagrant misrepresentation of the record. The prosecutor did not improperly comment on Petitioner's right to remain silent. Notwithstanding the fact that Respondent stated in the answer that "[a] review of both the opening and closing arguments by the district attorney in this case fails to show any comments of this sort by the prosecutor," Respt's Answer 14, Petitioner's traverse did not discuss the alleged prosecutorial misconduct or cite any portion to the record to support this contention. This claim was rejected by this Court because Petitioner has failed to demonstrate that the prosecutor made improper comments to the jury.

## V

### A

Petitioner further contended in his application that "[t]he trial court committed reversible error of constitutional dimensions when it refused the defense request to instruct the jury on involuntary manslaughter, a lesser included offense to murder." Am. Pet. 3. The trial court refused Petitioner's request that the jury be instructed on involuntary manslaughter. It concluded that Petitioner failed to present evidence that the victim's death resulted from her failure to exercise due caution and circumspection. The trial court concluded that, assuming that there was evidence in the record to support Petitioner's theory of defense, i.e., that the victim's injury was the result of an accident, then she should be found not guilty because she did not act with malice nor did she kill the victim during a sudden quarrel or heat of passion. Rep's Tr. 249.

The prosecutor's theory was that the evidence supported a conviction for the non-capital

offense of second degree murder. In *Bashor v. Risely*, 730 F.3d 1228 (9th Cir. 1984), the Ninth Circuit held that the "[f]ailure of a state court to instruct on a lesser offense [in a non-capital case] fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." *Id.* at 1240. *See also*, *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000) (we adhere to the law as stated in *Bashor* and its predecessors).

In *Bashor*, the Ninth Circuit stated in *dictum* that the rule that the failure to instruct on a lessor included offense does not present a federal constitutional question, "may not apply to every habeas corpus review, because the criminal defendant is also entitled to adequate instructions on his or her theory of defense." *Id.* at 1240. Here, substantial evidence was not presented to support a charge of involuntary manslaughter. The defense's theory was that Petitioner was not guilty because the homicide was accidental. She did not offer any evidence that the victim's fatal injuries were the result of negligence. Accordingly, Petitioner failed to show federal constitutional error.

**B**

Petitioner further argued that the trial court erred because it "did not instruct the jurors that they could consider 'heat of passion' when evaluating whether petitioner was guilty of Penal Code § 273." Am. Pet. 4. Petitioner failed to cite any authority that "heat of passion" is an element of § 273ab. Furthermore, no evidence was presented to the jury that she acted in the "heat of passion." As noted above, her theory of defense was that the death of her victim was caused by an accidental fall.

**VI**

Petitioner maintained that her 25 years to life sentence is cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Her whole argument for this proposition reads as follows:

> A punishment that is "grossly out of proportion to the severity of the crime" violates the Eighth Amendment to the United States Constitution. *Gregg v. Georgia*, 428 U.S. 153 (1976). *See also*

> *Solem v. Helm*, 463 U.S. 277, 279-81 (1983) (a sentence "significantly disproportionate to [the] crime . . . is prohibited by the Eighth Amendment.").

The Supreme Court noted in *Lockyer v. Andrade*, 538 U.S. 63 (2003) that the disproportionality standard is unclear. It instructed as follows:

> Section 2254(d)(1) permits a federal court to grant habeas relief based on the application of a governing legal principle to a set of facts different from those of the case in which the principle was announced. . . . Here, however, the governing legal principle gives legislatures broad discretion to fashion a sentence that fits within the scope of the proportionality principle–the "precise contours of which are unclear."

*Id.* at 76 (internal citations and internal quotation marks omitted). In *Andrade*, the Supreme Court upheld two consecutive terms of 25 years to life based on the conviction of the defendant on two counts of petty theft under California's three strikes law. The defendant in *Andrade* was found guilty of stealing approximately $150 in video tapes. *Id.* at 70.

The Court also stated in *Andrade* that "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Id.* at 77. California Penal Code § 273ab provides that

> [a]ny person who, having the care or custody of a child who is under eight years of age assaults the child by means of force that to a reasonable person would be likely to produce great bodily injury, resulting in a child's death shall be punished by imprisonment in the state prison for 25 years to life. Nothing in this section shall be construed as effecting the applicability of subdivision (a) of Section 187 or Section 189.[3]

The United States Constitution reposes the police power in the States–including prescribing the appropriate punishment for the killing of a human being. In the exercise of this power, the California Legislature has equated the punishment for the killing of a child under eight years of age by a caretaker with a force likely to produce great bodily injury with the

---

[3] California Penal Code Section 187 defines the crime of murder as "the unlawful killing of a human being, or a fetus, with malice aforethought.
California Penal Code Section 189 defines first and second degree murder.

1  killing of any human being with premeditation, deliberation, and malice aforethought.
2      The state courts did not err in determining that the punishment imposed upon the
3  Petitioner was not grossly disporportionate or an unreasonable application of clearly established
4  law as determined by the Supreme Court of the United States.

**VII**

6      Petitioner failed to make a substantial showing that her constitutional rights were denied.
7  Accordingly, a certificate of appealability shall not issue. IT IS SO ORDERED.
8  /////
9  DATED: October 8, 2008

                /s/ Arthur L. Alarcón
                UNITED STATES CIRCUIT JUDGE
                Sitting by Designation